**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4004

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SADARIS LATRELL CRAIG,

Defendant - Appellant.

No. 22-4018

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SADARIS LATRELL CRAIG,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:21-cr-00228-CCE-1; 1:17-cr-00358-CCE-1)

Submitted:  August 18, 2022                    Decided:  August 22, 2022

---

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Tiffany T. McGregor, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  K. P. Kennedy Gates, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sadaris Latrell Craig pled guilty, without a plea agreement, to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Craig to 57 months' imprisonment, within the Sentencing Guidelines range established at sentencing. That conviction also constituted a violation of the conditions of Craig's supervised release related to a prior § 922(g) conviction. Accordingly, the court revoked Craig's supervised release and imposed a consecutive sentence of 18 months' imprisonment. In these consolidated appeals, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Craig's sentences are substantively reasonable. The Government has declined to file a brief, and, although notified of his right to do so, Craig has not filed a pro se supplemental brief. We affirm.

In Appeal No. 22-4004, we review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Blue*, 877 F.3d at 517. To assess procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, adequately considered the 18 U.S.C. § 3553(a) factors, sufficiently explained the selected sentence, and addressed any nonfrivolous arguments for a different sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). The sentencing explanation need not be extensive, but it must

3

demonstrate that the district court had "a reasoned basis for exercising [its] own legal decision-making authority." *Id.* (internal quotation marks omitted).

If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Counsel questions whether Craig's within-Guidelines sentence for the felon-in-possession conviction is reasonable. The record reveals that the district court correctly calculated the Guidelines range, considered the parties' arguments, and adequately explained its rationale for imposing a 57-month sentence. As to substantive reasonableness, Craig fails to rebut the presumption of reasonableness, as his sentence is within the Guidelines range and the court relied on the § 3553(a) factors. Therefore, Craig's sentence for the felon-in-possession conviction is reasonable.

Turning to Appeal No. 22-4018, "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven

4

policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A sentence within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656-57 (4th Cir. 2007).

Craig's 18-month sentence does not exceed the applicable statutory maximum and is within the policy statement range. The district court relied on applicable § 3553(a) factors in explaining the sentence. Therefore, Craig's revocation sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in these cases and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Craig, in writing, of the right to petition the Supreme Court of the United States for further review. If Craig requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Craig.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*